IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV396-1-MU

BRIAN ALVIN ROBINSON,                    )
                                         )
            Petitioner,                  )
                                         )
        v.                               )          **O R D E R**
                                         )
DOUG MITCHELL,                           )
                                         )
            Respondent.                  )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Habeas

Corpus, filed December 26, 2006; Respondent's Motion for Summary Judgment, filed February

8, 2007; and Petitioner's Response to Respondent's Motion for Summary Judgment, filed

February 20, 2007.

On December 15, 1994, in the Superior Court of Buncombe County, Petitioner pled

guilty to first-degree murder and was sentenced to mandatory life imprisonment.  Petitioner did

not directly appeal his sentence and conviction.  On July 18, 1995, Petitioner filed a pro se

Motion for Appropriate Relief (MAR) in the Buncombe County Superior County.  Petitioner's

MAR was summarily denied on July 20, 1995.  On September 16, 2005, Petitioner filed, through

counsel, a certiorari petition in the North Carolina Court of Appeals seeking belated appellate

review of his December 15, 1994, judgment.  On October 6, 2005, the North Carolina Court of

Appeals denied certiorari.  On November 3, 2005, Petitioner filed, through counsel, a petition for

discretionary review with the North Carolina Supreme Court which was dismissed on December

1, 2005.  On May 26, 2006, Petitioner filed a second MAR in the Buncombe County Superior Court which was denied on September 10, 2006.  On October 17, 2006, Petitioner filed a certiorari petition with the North Carolina Court of Appeals which was denied on November 1, 2006.  On January 4, 2007, Petitioner filed the instant federal habeas petition with this Court.

In Respondent's Motion for Summary Judgment, Respondent argues, among other things, that Petitioner's federal habeas petition is untimely.   For the reasons stated herein, and for the reasons set forth in Respondent's Motion for Summary Judgment, this Court holds that Petitioner's Petition for Writ of Habeas Corpus is untimely.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect.  The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion.  28 U.S.C. § 2244(d)(1).   Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending.  28 U.S.C. § 2244(d)(2).

On December 15, 1994, Petitioner pled guilty to first degree murder and received the exact sentence called for in his plea agreement – life imprisonment.  Petitioner had no right to appeal and he did not do so.  See N.C.G.S. § 14-17 and §§ 15A-1444(a1) and (a2).  Therefore his case became final for purposes of direct review on December 15, 1994.  However, a prisoner whose conviction became final any time prior to the effective date of AEDPA had until April 24, 1997, to file his § 2254 motion.  See  Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000).  Consequently, Petitioner had until April 24, 1997, to file a federal habeas petition.  Petitioner

waited over nine and a half years to file his federal habeas petition. For the reasons set forth below, none of Petitioner's post-conviction filings tolled his limitation period.

Petitioner filed a Motion for Appropriate Relief (MAR) on July 18, 1995, which was denied on July 20, 1995.[1] Because Petitioner's MAR was filed and denied before Petitioner's limitation period began to run, it had no impact on Petitioner's limitation period.

Petitioner next filed, through counsel, a certiorari petition in the North Carolina Court of Appeals on September 16, 2005, seeking a belated direct appeal of Petitioner's December 15, 1994, criminal judgment. Certiorari was denied on October 6, 2005. This filing did not serve to resurrect Petitioner's direct appeal rights which he did not even have in the first place. Nor did it serve to toll the entire ten year time period since his judgment. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001)(holding that statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition).

Petitioner, again through counsel, filed a petition for discretionary review in the North Carolina Supreme Court on November 3, 2005, seeking review of the denial of his September 16, 2005, petition for writ of certiorari . On December 1, 2005, the petition was dismissed. For the reasons just stated, this filing did not serve to resurrect Petitioner's limitation period.

Petitioner's second MAR, filed May 26, 2006, and the corresponding September 25,

---

[1] Petitioner never filed a certiorari petition appealing the denial of his MAR. Consequently, Petitioner abandoned his right to file a certiorari petition appealing the denial of his MAR and his limitation period was not tolled indefinitely. See Corbett v. McDade, 42 Fed. Appx. 562 (4th Cir.), cert. denied, 537 U.S. 1005 (2002)(upholding dismissal as untimely even though petitioner never filed an appeal of his MAR); McConnell v. Beck, 427 F. Supp.2d 578 (M.D.N.C. 2006)(holding federal habeas petition untimely where petitioner did not file appeal of MAR denial after stating given petitioner's other filings he had chosen not to file an appeal of denial of MAR).

2006, certiorari petition did not toll his limitation period as his limitation period had already expired at the time he filed his second MAR. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)(time period after case became final for purposes of direct review but before filing of post conviction motion for appropriate relief is not tolled from one year period of limitation).

In response to Respondent's assertion that Petitioner's federal habeas petition is untimely, Petitioner argues that the Court should consider his filing a "special entry." In support of his contention Petitioner states that he had to file his state post-conviction filings pro se and that he had no access to legal materials. Petitioner states that his lack of knowledge about the legal system should not be used against him. Petitioner also asserts he has mental health issues.

The United States Court of Appeals for the Fourth Circuit has held that equitable tolling must be reserved for those rare instances where it would be unconscionable to enforce the limitation period. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The circumstances set forth by Petitioner do not rise to the level necessary to require equitable tolling. Petitioner's assertion that he had no counsel and no legal materials does not suffice to warrant tolling. A prisoner has no right to counsel on post-conviction review. Nor does ignorance of the law serve to toll a petitioner's limitation period. See e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling).

In addition, this Court finds Petitioner's blanket assertion of mental health issues is wholly insufficient to warrant tolling. See United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004)(generally equitable tolling available due to a prisoner's mental capacity "only in cases of profound mental incapacity"); Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001)(mental incompetence is not per se reason to toll limitation period). Significantly, Petitioner does not

inform the Court why his mental health did not permit him to file a timely federal habeas petition.  Nor does he explain why he was been able to file an MAR and now a federal habeas petition on his own.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.


Signed: February 28, 2007

Graham C. Mullen
United States District Judge